IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

IN RE: Donald P. Stroup          *     Case No. 05-22815
      Jane M. Stroup            *     Chapter 13
            Debtors.            *
                                     *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CHAPTER 13 PLAN

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows:

   $ 240.00 per month for remaining 60 months,

2. From the payments received, the Trustee will make the disbursements described below:
   a. Trustee commissions.
   b. Administrative claims under 11 U.S.C. Section 507(a)(1), including **Attorney's fee balance of $500** (unless allowed for a different amount upon or subsequent objection)
   c. Other priority claims defined by 11 U.S.C. Section 507 (a)(2)-(9). The Debtor anticipates the following priority claims:
   d. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

      i. Pre-petition arrears on the following claims will be paid under the plan while the Debtor maintains post-petition payments directly: **NONE**

      ii. The following secured claims will be paid in full, as allowed, at the designated interest rate:

      iii. The following secured claims will be satisfied through surrender of the collateral securing the claims and any allowed claims for deficiencies will be paid pro-rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

      iv. The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor. **GMAC**

       **Mortgage**

   v.  If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside of the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

  e.  After payment of priority and secured claims, the balance of funds will be paid pro-rata on allowed general, unsecured claims.  **Pro-rata**

3. The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superceding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien:

4. Secured Creditors shall retain their liens.
5. The following executory contracts are assumed(or rejected):
6. Title to property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328.

            /s/ Donald P. Stroup
Date:              Debtor
**June 2, 2005**

            /s/ Jane M. Stroup


/s/ Jeffrey M. Sirody
Jeffrey M. Sirody, Bar #11715
1777 Reisterstown Road
Suite 360
Baltimore, MD 21208
(410) 415-0445